THE STATE OF OHIO, APPELLEE, *v.* GREEN, APPELLANT.

(No. 84AP-71—Decided June 28, 1984.)

Michael Miller, prosecuting attorney, and Karen L. Martin, for appellee.

Dennis G. Day, for appellant.

NORRIS, J. Defendant appeals his conviction for burglary as a lesser included offense of aggravated burglary, the offense with which he had been charged.

Robert Keels testified that he was the owner of a single-family house; that he and his family had lived there for the seven years preceding the weekend of August 1, 1983 when they moved to another residence; that he returned to the house on a regular basis before and after work to remove articles, and to clean and make repairs for a tenant who moved in on October 10 or 11; that he had been at the house on October 4, both before and after work; that the personal property left in the house at that time consisted of three bicycles, a pair of shoes, garden equipment, replacement storm windows, metal shelves, some papers, and small articles; that, on October 5, he was advised by police officers that someone had broken into the house; and that he knew defendant as a person who resided in the neighborhood.

Defendant testified that he had seen Keels moving out and knew the house was empty; that he knew Keels and his family had lived there; that, during the early hours of October 5, he looked into the house and saw no lights; and that he pushed in the door and was later apprehended inside the house by police.

Defendant raises one assignment of error:

"In finding appellant guilty of burglary, the jury rendered a verdict that is against the manifest weight of the evidence and contrary to law."

Defendant was convicted of burglary, as defined by R.C. 2911.12:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, * * * with purpose to commit therein any theft offense * * *."

He contends that he should have been convicted of breaking and entering (R.C. 2911.13), since the state failed to prove that Keels' house was an occupied structure. He does not challenge the state's proof (not recited above) of the other elements of burglary.

In support of his assignment of error, defendant first argues that, because the jury rejected the charge of aggravated burglary and found him guilty instead of the lesser included charge of burglary it necessarily found that no person was present or likely to be present in the house.

In its instructions to the jury, the trial court defined aggravated burglary, under the circumstances of the case, pursuant to R.C. 2911.11(A)(3), which reads, in pertinent part, as follows:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, * * * with purpose to commit therein any theft offense * * * when any of the following apply:

"* * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

The trial court then defined "occupied structure" under R.C. 2909.01, which reads in part:

"* * * [A]n 'occupied structure' is any house, building, * * * or other struc-

ture * * * to which any of the following applies:

"(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

"(C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

"(D) In which at the time any person is present or likely to be present."

The trial court then advised the jury that burglary as a lesser included offense would be established if all the elements of aggravated burglary were present except the one found in R.C. 2911.11(A)(3), that the occupied structure was the permanent or temporary habitation of a person in which at the time any person was present or likely to be present.

Defendant apparently concludes that, because the jury did not find him guilty of aggravated burglary, it necessarily found that no person was present or likely to be present in the house, and that therefore a conviction of burglary cannot be supported upon a finding that the house was an occupied structure under division (D) of R.C. 2909.01. Because one of the elements of aggravated burglary is the existence of one of the three aggravated circumstances found in subdivisions (1) through (3) of R.C. 2911.11(A), and the one relevant to this case [subdivision (3)] is a combination of the two definitions of "occupied structure" found in R.C. 2909.01(B) and (D), the jury's rejection of proof on this additional element of aggravated burglary did not preclude its finding the existence of facts establishing only one of the definitions of occupied structure in either R.C. 2909.01(B) or (D). See *State* v. *Wilson*

(1979), 58 Ohio St. 2d 52, at 57-58 [12 O.O.3d 51].

Since the circumstances of this case raise the question of whether the state established that the victim's house was an occupied structure under either division (A) or (D) of R.C. 2909.01, we will consider each in turn.

Under division (A), the question is whether the house was being "maintained" as a "dwelling." Defendant argues that division (A) does not apply since the house was no longer Keels' permanent or temporary habitation and he did not intend to return.

The statutory requirement of division (A) would seem to be somewhat similar to the requirement of common-law burglary that the structure entered must be a dwelling house. At common law, the house had to be "occupied" as a dwelling, although a temporary absence with the intention of returning would not render it unoccupied. However, a house that was permanently abandoned or its use changed to something other than residential, would cease to be regarded as a dwelling. The offense was said to be one against the security of habitation, and not an offense against property. Clark and Marshall, Law of Crimes (1952), Sections 406-407.

It is obvious that the General Assembly, in adopting the definition of "occupied structure" found in R.C. 2909.01, intended to broaden the concept of the offense of burglary from one of an offense against the security of habitation, to one concerned with the serious risk of harm created by the actual or likely presence of a person in a structure of any nature. In that context, it is noteworthy that the General Assembly utilized the word "maintained" in division (A), as opposed to "occupied," although it did use that latter word in division (B), which deals with structures other than dwellings. We believe that the distinction between "maintained" and "occupied" is significant, in the sense that the former alludes more to

the character or type of use for which the dwelling is intended to be subjected, whereas the latter is more closely related to the actual use to which the structure is presently being subjected.

Thus, a structure which is dedicated and intended for residential use, and which is not presently occupied as a person's habitation, but, which has neither been permanently abandoned nor vacant for a prolonged period of time, can be regarded as a structure "maintained" as a dwelling within the meaning of division (A). In this context, then, division (A) includes a dwelling whose usual occupant is absent on prolonged vacation, a dwelling whose usual occupant is receiving long-term care in a nursing home, a summer cottage, or a residential rental unit which is temporarily vacant. In all these examples, even though the dwelling is not being presently occupied as a place of habitation, that situation is temporary, and persons are likely to be present from time to time to look after the property — to help "maintain" its character as a dwelling.

Accordingly, we conclude that there was competent, credible evidence from which the jury could conclude that the house was an occupied structure under R.C. 2909.01(A).

Likewise, we are also of the view that the evidence would support a finding that the house was one in which a person was likely to be present, as contemplated by R.C. 2909.01(D).

Although the term "likely" connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty. See *State* v. *Holt* (1969), 17 Ohio St. 2d 81, at 85 [46 O.O.2d 408]. A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present. Obviously, such an expectation is warranted where the owner is in and out on a daily basis repairing, cleaning, and moving personal property, and the jury could therefore draw an inference regarding the likelihood of Keels being present at the time of the burglary.

Having concluded that the conviction is not against the manifest weight of the evidence under either R.C. 2909.01(A) or (D), the assignment of error is overruled.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.