DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Donald L. Craig appeals his conviction for aggravated arson in violation of R.C. 2909.02. We affirm.
 I.
In April 1996, Michelle Lindsay rented a home in Akron. She lived there with her three children, Vera Wilson, Wilson's two children, and Craig.
In July 1996, the rental home was purchased by Brandon Shepherd. Shepherd inherited Lindsay's lease and learned that the rent was three months past due. Lindsay claimed they had prepaid for three months and produced forged receipts in an attempt to prove it. Shepherd began eviction proceedings immediately.
Upon hearing of the eviction, Craig became angry. Several people heard Craig say that he would burn the house down in order to get back at Shepherd for evicting them. The day they were to be evicted, after everyone had left the house, the house caught on fire. Craig was the last person seen leaving the house.
Investigators determined that the fire was purposely set. After further investigation, Craig was arrested and charged with arson. Craig was convicted of aggravated arson in violation of R.C. 2909.02 and falsification in violation of R.C. 2921.13.
 II.
On appeal, Craig only assigns one error:
 APPELLANT'S CONVICTION FOR AGGRAVATED ARSON WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF SUCH EVIDENCE.
This assignment of error challenges both the weight and sufficiency of the evidence. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported (emphasissic). Therefore, we will first determine whether Craig's conviction was against the manifest weight of the evidence.
The appropriate standard of review for a challenge to theweight of the evidence is set forth in State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 Craig does not contest that he was guilty of arson. The only issue raised by Craig on appeal is whether there were any aggravating circumstances that would elevate the arson to aggravated arson under R.C. 2909.02.
R.C. 2909.02 states:
 (A) No person, by means of fire or explosion, shall knowingly do any of the following:
 (1) Create a substantial risk of serious physical harm to any person other than the offender;
(2) Cause physical harm to any occupied structure;
 (3) Create, through the offer or acceptance of an agreement for hire or other consideration, a substantial risk of physical harm to any occupied structure.
 Although the state offered some evidence of a risk of serious physical harm to a person, the arguments on appeal have focused on whether the house was an "occupied structure" within the meaning of R.C. 2909.02(A)(2).
R.C. 2909.01(C) defines an "occupied structure" as:
[A]ny house, * * * to which any of the following applies:
 (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
 (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
 (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
 (4) At the time, any person is present or likely to be present in it.
 Craig argues that the rental house was not being occupied because they were being evicted that day. Also, there was no person present or likely to be present because all the other occupants of the house had left for work or school when he set the fire. Thus, Craig argues that he did not harm an "occupied structure" and could not be convicted of aggravated arson.
State v. Green (1984), 18 Ohio App.3d 69, examined the definition of "occupied structure." In Green the defendant burglarized a home that had sat vacant for two months after the owners had moved to another residence. During that time, the owners had returned to the house on a regular basis to remove personal items and clean and make repairs for an incoming tenant. The Green court concluded:
 It is obvious that the General Assembly, in adopting the definition of "occupied structure" found in R.C. 2909.01, intended to broaden the concept of the offense of burglary from one of an offense against the security of habitation, to one concerned with the serious risk of harm created by the actual or likely presence of a person in a structure of any nature. In that context, it is noteworthy that the General Assembly utilized the word `maintained' in [R.C. 2909.01(C)(1)], as opposed to `occupied,' although it did use that later word in [R.C. 2909.01(C)(2)], which deals with structures other than dwellings. We believe that the distinction between `maintained' and `occupied' is significant, in the sense that the former alludes more to the character or type of use for which the dwelling is intended to be subjected, whereas the latter is more closely related to the actual use to which the structure is presently being subjected.
 Thus, a structure which is dedicated and intended for residential use, and which is not presently occupied as a person's habitation, but, which has neither been permanently abandoned nor vacant for a prolonged period of time, can be regarded as a structure `maintained' as a dwelling within the meaning of [R.C. 2909.01(C)(1)]. In this context, then, [R.C. 2909.01(C)(1)] includes * * * a residential rental unit which is temporarily vacant.
Green, supra at 71-72 (emphasis added).
Similar to Green, the Committee Comment to R.C. 2909.01
states:
 The definition's general concept is that the actual or likely presence of a person in a structure, regardless of the nature of the structure itself, creates a more serious risk of harm from commission of arson, burglary, and related offenses, and thus warrants more severe treatment of offenders.
 Under division [(C)(1)] of the section, all dwellings are classed as occupied structures, regardless of the actual presence of any person. Whether or not the dwelling is used as a permanent or temporary home is immaterial, so long as it is maintained for that purpose. Thus the definition includes not only the mansion on Main Street, but also the summer cottage, and the tin shack in the hobo jungle.
In this case, Shepherd testified that he purchased the house with the intent of renting it out for investment purposes. Craig has never contested this testimony or attempted to argue that this house was maintained as anything other than a dwelling. This evidence would support a conclusion that this house was an "occupied structure" as defined in R.C. 2909.01(C)(1). Therefore, Craig's aggravated arson conviction is not against the manifest weight of the evidence.
Having determined that the conviction is not against the manifest weight of the evidence, we similarly dispose of the sufficiency challenge. Craig's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
REECE, J.
DICKINSON, J.
CONCUR.