OPINION
Defendant-Appellant, Kevin Freeman, Sr., appeals a judgment of conviction from the Court of Common Pleas of Allen County rendered pursuant to a jury verdict of guilty on one count of burglary. We affirm the trial court's judgment for the reasons expressed in the following opinion.
On March 11, 1999, the Allen County Grand Jury indicted Appellant on the above mentioned charge, which is a violation of R.C. 2911.12(A)(2) and a second degree felony. Appellant pled not guilty to the offense and the cause was eventually tried to a jury in May 1999. The following evidence was adduced at trial:
On February 8, 1999, an apparent murder-suicide occurred at a home located at 11740 Harding Highway. The deaths of two of the occupants of that residence, Denver and Lillian Mason, were well-publicized by both the local newspaper and television station. The news reports also indicated that the Masons had a seventeen-year-old granddaughter living with them, but that she was residing elsewhere in the wake of the tragedy.
The decedents' son, Gary Mason, testified that he resided approximately two miles from his parents and that he conducted necessary family business at their home in the days following the deaths. Mason stated that he left his parents' home at around 9:00 p.m. on February 9, 1999, and was intending to return with his brother the next day.
In the early morning hours of February 10, 1999, the decedents' neighbor, William Eutsler, testified that he heard a loud vehicle pull into the Masons' driveway. Eutsler was awake and watching television at the time. Eutsler stated that at first he thought it might have been the Mason children arriving at their parents' home to take care of some business before going to work, but he quickly decided to alert the Sheriff's Department due to the fact that it was approximately 4:45 a.m.
As a result of Eutsler's call, Deputy Mark Baker was dispatched to the scene. Deputy Baker stated that he was familiar with the residence and the circumstances surrounding the former occupants since he was also called to the scene of the murder-suicide just two days before. Deputy Baker testified that as he approached the residence, he noticed a suspicious vehicle parked on the lawn. Deputy Baker entered the home through the rear door and subsequently discovered three male suspects in various areas of the residence. One of the suspects was later identified as Kevin Freeman, Sr.
Pictures that were properly admitted into evidence demonstrate that the home was "ransacked" in that drawers were dumped out onto the floor, papers were strewn about, and the beds were in disarray. Gary Mason also testified that certain items such as checkbooks, credit cards, gift certificates, cameras, a VCR and some jewelry were recovered from the suspects.
After considering the foregoing evidence, the jury returned a guilty verdict on the charged offense. Appellant was then ordered to serve an eight year prison term with credit granted for 85 days spent in the Allen County Jail. This timely appeal followed.
Appellant sets forth the following as his only assignment of error:
 The trial court committed an error of law by denying the Crim.R. 29 Motion for Acquittal.
Crim.R. 29 states, in relevant part:
 (A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
When reviewing a claim that the trial court erred in failing to grant a motion for acquittal, "the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Dennis
(1997), 79 Ohio St.3d 421, 430, citing Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." Dennis,79 Ohio St.3d at 430.
In the instant matter, Appellant was indicted and charged with a violation of R.C. 2911.12(A)(2), which provides, in pertinent part:
 (A) No person, by force, stealth, or deception, shall do any of the following:
* * *
 (2) Trespass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
Appellant specifically argues here that the trial court erred in refusing to grant his motion for acquittal because the prosecution failed to prove beyond a reasonable doubt that someone other than an accomplice was present or likely to be present in the Mason home on the night of the offense. This court is not persuaded.
The facts of this case are strikingly similar to those set forth in State v. McKinney (Mar. 6, 1990), Franklin App. Nos. 89AP-466, 467, 468 and 469, unreported, in which the evidence demonstrated that the defendant studied newspaper obituaries in order to target certain homes to burglarize. There, the defendant also argued that the evidence was insufficient to support the jury's finding that a person was present or likely to be present in the homes at the time of the offenses.
The McKinney court, relying on State v. Green (1984), 18 Ohio App.3d 69, paragraph two of the syllabus, wherein the Tenth District Court of Appeals held that "[a] person is likely to be present * * * when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present", found that there was sufficient evidence to support the jury's finding. Specifically, the testimony revealed that although the occupants had recently passed away, certain relatives were "periodically present and tending to the immediate care and upkeep of the dwelling." McKinney at **3.
Likewise, the circumstances surrounding the instant matter justify a logical expectation that someone was likely to be present in the Mason home at the time of the burglary. Indeed, Gary Mason stated that he only lived two miles from his parents and that he went to the home each day following their deaths in order to tend to necessary family business. Mason also stated that he intended to go back with his brother on the day of the burglary and that they were preparing for a meeting with the family attorney sometime during the week after the murder-suicide. In addition, although the decedents' granddaughter did not have a key to the residence, Mason stated that if she needed anything at the house she was to call him and he would let her in.
In light of Gary Mason's testimony and the fact that the occupants of this home had died only two days before the offense, we find that, when viewing the evidence in a light most favorable to the prosecution, a reasonable jury could have found, beyond a reasonable doubt, that someone other than the defendant or an accomplice was likely to be present. Therefore, Appellant's assignment of error is overruled.
Having found no prejudice to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.