[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Kevin Cammon, was adjudicated delinquent on a charge of aggravated burglary pursuant to R.C.2911.12(A)(4), after he climbed up a drainpipe and forced open a window to enter an apartment where he and his family had previously lived. Relying on various provisions of the Landlord Tenant Act, R.C. Chapter 5321, appellant claims that he did not trespass in the apartment, as that term is defined in R.C.2911.21, because his presence in the apartment was privileged. The record shows that appellant's mother had notified the landlord that her family was moving out of the apartment, and that they had not paid the rent for the month in question. They had abandoned the apartment by the time of the offense, and the landlord had changed the locks. Appellant forced open a window to enter the apartment because his key no longer worked. Under the circumstances, appellant had no legal right to be on the property, and, consequently, the state's evidence showed that his entry onto the property was not privileged. See State v.Stone (Nov. 10, 1999), Tuscarawas App. No. 1999AP030012, unreported; State v. Johnson (Oct. 10, 1991), Cuyahoga App. No. 59096, unreported. Appellant is really arguing that his evidence was more credible, but matters as to the credibility of evidence are for the trier of fact to decide. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
Additionally, the state's evidence demonstrated an objective probability that the other tenant in the apartment building, the landlord's father, was likely to be present in the structure being burglarized or a separate portion of that structure. SeeState v. Fowler (1983), 4 Ohio St.3d 16,445 N.E.2d 1119; State v. Green (1984), 18 Ohio App.3d 69,480 N.E.2d 1128; State v. Gulley (Jan. 22, 1986), Hamilton App. No. C-850179, unreported; State v. Robinson (Feb. 25, 1983), Hamilton App. No. C-820294, unreported. Further, the record shows that the apartment building was used as a dwelling, that the apartment itself, though temporarily unoccupied at the time of the offense, was maintained as a dwelling, and that it had not been vacant for a prolonged period of time. Thus, the evidence supported the trial court's conclusion that appellant trespassed in a permanent or temporary habitation. See Green,supra.
In sum, our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that appellant, by force, stealth or deception, trespassed in a permanent or temporary habitation when any person other than an accomplice was present or likely to be present. Consequently, the evidence was sufficient to support appellant's adjudication of delinquency for committing acts that would constitute aggravated burglary if committed by an adult. Inre Washington (1996), 75 Ohio St.3d 390, 662 N.E.2d 346;State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.[1] Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 16,2000 per order of the Court _______________________________.
Presiding Judge
[1] The juvenile court has been remiss in its handling of the exhibits in this case. They were not transmitted to this court, and, after an exhaustive search, we have been unable to locate them. Although the lack of exhibits is troubling in a case involving the sufficiency of the evidence, we do not believe, given the testimony in this case and the nature of the exhibits, that they would have changed the result.