OPINION
{¶ 1} Defendant-appellant, Adam Hibbard, appeals his convictions in the Butler County Court of Common Pleas, for petty theft, theft, grand theft, burglary, breaking and entering, and complicity to receiving stolen property. We affirm the convictions.
 {¶ 2} On March 14, 2001, appellant was arrested by Hamilton City Police based on a number of outstanding warrants. Appellant was held on the charges. He subsequently asked to speak with Hamilton Police Detective John Marcum, with whom appellant had had prior contact. As a result of the meeting, appellant was released on bond and volunteered information regarding multiple break-ins that he and Brian Brandenburg had committed. Detective Marcum and Hamilton Police Detective James Cifuentes drove appellant through Hamilton while appellant pointed out homes and garages that he had burglarized, and itemized the things he had stolen.
 {¶ 3} The information that appellant volunteered coincided with police reports documenting multiple break-ins. In most cases, appellant and Brandenburg used bricks or rocks to break windows and enter homes, businesses, and garages. In several instances, the pair entered through unlocked doors. The items appellant stole included checks, household electronics, Christmas gifts, tools, golf clubs, and autos.
 {¶ 4} As a result, appellant was indicted on 41 counts, including numerous charges of burglary, breaking and entering, grand theft, theft, petty theft, and complicity to receiving stolen property. Appellant moved to suppress the statements he had made to the police detectives, alleging that the detectives had promised to limit the number of charges against him and to assist in diverting the case to drug court, promises which appellant alleges they later refused to honor. At a hearing on the motion, both detectives testified that it was appellant who planned to divert the case to drug court by volunteering information about the break-ins. The detectives testified that they had made no promises to appellant in exchange for his statements, except that they would inform the prosecutor of his cooperation.
 {¶ 5} The motion to suppress was overruled and the matter proceeded to a bench trial. Appellant was acquitted on two counts and convicted of one count of grand theft; two counts of complicity to receiving stolen property; seven counts of burglary; eleven counts of theft; seven counts of petty theft; and eleven counts of breaking and entering. He appeals, raising four assignments of error:
Assignment of Error No. 1
 {¶ 6} "The trial court erred to the prejudice of defendant-appellant by finding him guilty of certain counts at trial."
 {¶ 7} In his first assignment of error, appellant alleges that a number of his burglary convictions are not supported by sufficient evidence and that the convictions are against the manifest weight of the evidence. While raising both sufficiency and manifest weight challenges to the convictions, appellant's brief only cites law relevant to the manifest weight standard of review, yet his argument relates primarily to the sufficiency of the evidence.
 {¶ 8} This court has repeatedly explained that the legal concepts of sufficiency of the evidence and weight of the evidence are not synonymous. See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The terms are both quantitatively and qualitatively different. Id. at paragraph two of the syllabus. Weight of the evidence "concerns the inclination of the greater amount of credible evidence, offered in trial to support one side of the issue rather than the other." Id. at 387 (emphasis deleted). Sufficiency is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. Id. at 386. Although the concepts are commingled in appellant's brief, we have reviewed appellants' convictions under both the manifest weight standard and the sufficiency of the evidence standard, in the interest of justice.
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 10} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins at 387. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction. Id. In making this review, the appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 11} Appellant was convicted of seven counts of burglary, a violation of R.C. 2911.12(A)(2). This statute states that no person by force, stealth, or deception, shall trespass in an occupied structure that is a permanent or temporary habitation of any person when "any person is present or likely to be present," with purpose to commit any criminal offense. Appellant first contends that many of his burglary convictions cannot stand, because the state failed to present evidence that anyone was present or likely to be present in the homes during the offenses.
 {¶ 12} Where the state proves "that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of * * * burglary."State v. Fowler (1983), 4 Ohio St.3d 16, 19, citing State v. Kilby
(1977), 50 Ohio St.2d 21, paragraph one of the syllabus. The state must show that the victim was at home at varying times to prove that the victim was likely to be home. State v. McKnight, Vinton App. No. 01CA556, 2002-Ohio-1971, at ¶ 16, citing State v. Lockhart (1996),115 Ohio App.3d 370. Alternatively, evidence that occupants of a dwelling are away on vacation, but have given a neighbor or other caretaker permission to enter the home regularly, is sufficient evidence that a person is "likely to be present." See State v. Cantin (1999),132 Ohio App.3d 808 (citations omitted). We will address the evidence related to each count appealed in turn.
Count Three
 {¶ 13} Count three alleged that appellant burglarized the McDullin residence at 457 North E Street, in Hamilton, Ohio. Michelle McDullin testified that she, her husband, and her three children live at the residence, but were away at the time of the break-in. However, McDullin testified that she had arranged for someone to stop in regularly to check on their cat in the family's absence, and that person discovered the break-in. This evidence is sufficient to support the "likely to be present" element of appellant's burglary conviction on this count. See id.
 {¶ 14} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count Five
 {¶ 15} Count five alleged that appellant burglarized the residence at 10 Elvin Avenue in Hamilton, Ohio. Tina Mullen testified that this home is her permanent residence, where she lives with her son. Although Mullen testified that she was at work at the time of the break-in, she further testified that her son was home, asleep, at the time of the break-in. Appellant himself testified that his accomplice had observed someone sleeping in the home.[1] This evidence is sufficient to support the "anyone is present" element of appellant's burglary conviction on this count.
 {¶ 16} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count Seven
 {¶ 17} Count seven alleged that appellant burglarized the residence at 608 Ridgelawn in Hamilton, Ohio. Michael Stanger testified that he lives at this residence with his wife and son. Although the family was out of town on the day of the break-in, Stanger's father was checking on the home and discovered the break-in. This evidence is sufficient to support the "likely to be present" element of appellant's burglary conviction on this count. See id.
 {¶ 18} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count Nine
 {¶ 19} Count nine alleged that appellant burglarized the home at 518 Prytania Avenue in Hamilton, Ohio. Irving Wurzelbacher testified that this is his permanent residence. Although he was not home at the time of the break-in, Wurzelbacher returned to the residence around 11:30 p.m. that evening and discovered the break-in. This evidence, that Wurzelbacher was in and out of the home on the day in question, is sufficient to support the "likely to be present" element of appellant's burglary conviction on this count. See Lockhart, 115 Ohio App.3d at 370.
 {¶ 20} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 17
 {¶ 21} Count 17 alleged that appellant burglarized the home of Melissa Combs, located at 617 Prytania Avenue, in Hamilton, Ohio. Combs testified that she was moving at the time and therefore going back and forth between her old and new residences. Appellant broke into the home during her absence. Comb's testimony that she was going back and forth between her old residence and her new home is sufficient to support the "likely to be present" element of appellant's burglary conviction on this count. See State v. Green (1984), 18 Ohio App.3d 69.
 {¶ 22} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 21
 {¶ 23} Count 21 alleged that appellant burglarized the home of Jill Huff Mathews at 635 Ridgelawn Avenue in Hamilton, Ohio. Mathews testified that she lived at that address along with her fiancé's sister. Appellant broke into the home in her absence, between 2:00 p.m. and 8:00 p.m. Mathews' testimony that she was away from the home for some time during the day is evidence that she was in and out of the home, and is sufficient to support the "likely to be present" element of appellant's burglary conviction on this count. See Lockhart,115 Ohio App.3d at 370.
 {¶ 24} Appellant also alleges that the state presented insufficient evidence to connect him with the commission of this burglary. However, in his statement to the police, appellant admits to breaking into the home and taking a large number of CDs and a VCR. Mathews confirmed at trial that 150 CDs were stolen from her home along with a VCR. Viewing this evidence in a light most favorable to the prosecution, this evidence is sufficient to support appellant's conviction for the commission of this burglary.
 {¶ 25} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 40
 {¶ 26} Count 40 alleged that appellant burglarized the home at 801 Ridgelawn in Hamilton, Ohio. Alex Brown testified that this is his permanent residence, but that he often went back and forth between his home and his fiancée's home. The testimony that Brown was going back and forth between the two residences is sufficient to support the "likely to be present" element of appellant's burglary conviction on this count. See Green, 18 Ohio App.3d at 69.
 {¶ 27} Appellant also alleges that the state failed to present sufficient evidence to connect him with the commission of this burglary. Appellant contends that the only evidence related to this crime is his statement that Brandenburg committed the burglary while appellant watched. To the contrary, Detective Marcum's notes, entered into evidence, reflect that appellant indicated to the police that he and Brandenburg burglarized the home together. This was corroborated by Detective Cifuentes' testimony. Viewing this evidence in a light most favorable to the prosecution, this evidence is sufficient to support appellant's conviction for the commission of this burglary.
 {¶ 28} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 29} Appellant next contends that several of his breaking and entering convictions are not supported by sufficient evidence. Specifically, appellant contends that the state failed to present evidence that he trespassed by force, stealth, or deception.
 {¶ 30} Appellant was convicted of eleven counts of breaking and entering, a violation of R.C. 2911.13(A). This statute provides that "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit any theft offense * * * or felony." Only the "slightest force" is necessary to constitute a breaking. Goins v. State (1914), 90 Ohio St. 176. If "any force at all" is necessary to effect an entrance into a building "whether open, partly open, or closed, such entrance is a breaking sufficient in law" to constitute a breaking and entering. Id. at 181. Accordingly, merely opening a closed, unlocked door constitutes a "breaking." See State v.Wilson, Cuyahoga App. No. 80270, 2002-Ohio-3107; State v. Lane (1976),50 Ohio App.2d 41. Ohio courts have defined "stealth" as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." State v. Ward
(1993), 85 Ohio App.3d 537, 540. We will again address the evidence as it relates to each count argued by appellant to be unsupported by sufficient evidence.
Count 11
 {¶ 31} Count 11 alleged that appellant broke into a garage owned by Timothy Weber. Weber testified that the garage was kept closed and locked at the time of the break-in. Appellant told the police that he entered the garage through a closed door. This evidence is sufficient to support the "force" element of appellant's breaking and entering conviction on this count. See Ward at 540; Lane at 47.
 {¶ 32} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 13
 {¶ 33} Count 13 alleged that appellant broke into a garage owned by Amy Witt. Witt testified that the garage door was closed at the time of the break-in. Appellant told police that he entered the garage through a side door. This evidence is sufficient to support the "force" element of appellant's breaking and entering conviction on this count. See id.
 {¶ 34} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 15
 {¶ 35} Count 15 alleged that appellant stole a snow blower from the back of a truck, owned by Roger Fields, while parked in Fields' driveway, in violation of R.C 2911.13(B). This statute prohibits one from "trespass[ing] on the land of another, with purpose to commit a felony." Fields testified that the snow blower was on his property and that he did not give permission to anyone to be on his property or to take the snow blower. This evidence is sufficient to support the "trespass" element of appellant's breaking and entering conviction on this count. See State v.Moore, Carroll App. No. 00AP0741, 2001-Ohio-3439.
 {¶ 36} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 18
 {¶ 37} Count 18 alleged that appellant broke into the garage owned by Melissa Combs. Appellant told police that he entered the garage through an unlocked door. Combs testified that the door was closed. This evidence is sufficient to support the "force" element of appellant's breaking and entering conviction on this count. See Ward,85 Ohio App.3d at 540; Lane, 50 Ohio App.2d at 47.
 {¶ 38} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
Count 24
 {¶ 39} Count 24 alleged that appellant broke into a garage owned by Mike Schooley. Schooley testified that the garage door was closed prior to the break-in. This evidence is sufficient to support the "force" element of appellant's breaking and entering conviction on this count. See id.
 {¶ 40} We also conclude that appellant's conviction on this count is not contrary to the weight of the evidence. Reviewing the record, we cannot find that the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed.
 {¶ 41} Finding that appellant's convictions are supported by sufficient evidence and not contrary to the manifest weight of the evidence, we overrule appellant's first assignment of error.
Assignment of Error No. 2
 {¶ 42} "Defendant-appellant received ineffective assistance of trial counsel and was prejudiced thereby."
 {¶ 43} To prevail on an ineffective assistance of counsel claim, a criminal defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced thereby. Strickland v. Washington
(1984), 466 U.S. 686, 687, 102 S.Ct. 2052. A failure to make either showing will preclude the claim. Id. To demonstrate that counsel's performance was deficient, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To show that he was prejudiced by that deficient performance, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. There exists a strong presumption that licensed attorneys are competent, and that the challenged actions are the product of sound trial strategy, falling within the wide range of professional assistance. State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 44} Appellant specifically contends that his trial counsel was ineffective for failing to object to the amendment of several counts in the indictment, and for failing to object to certain hearsay testimony. However, none of the alleged errors in counsel's performance, when considered individually or collectively, are sufficient to undermine our confidence in the outcome of appellant's trial. The fact is that appellant's confession to the police, standing alone, was devastating to his chances for an acquittal, and he would have been convicted even if counsel had committed the errors appellant alleges he did. The second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 45} "The trial court committed plain error to the prejudice of defendant-appellant when it allowed the state to amend counts seventeen, eighteen, nineteen, forty and forty-one of the indictment."
 {¶ 46} The trial court, over appellant's objection, permitted the state to amend counts 40 and 41 of the indictment to reflect that the offenses occurred between January 27, 2001 and February 6, 2001, not April 5, 2001 as originally alleged. Counts 17, 18, and 19 of the indictment originally charged appellant with burglary, breaking and entering, and theft, on or about January 17, 2001 at 617 Prytania Avenue. The trial court permitted the state to amend count 17 to reflect that the burglary had occurred on or about January 10, 2001; to amend count 18 to reflect that the breaking and entering had occurred on or about January 25, 2001; and to amend count 19 to reflect that the theft had occurred on or about January 10 through January 25, 2001. Appellant failed to object to these amendments.
 {¶ 47} The failure to promptly object and call any error to the attention of the trial court, at a time when it could have been prevented or corrected, amounts to a waiver of such error, except for plain error.State v. Lott (1990), 51 Ohio St.3d 160, 174, citing State v. Gordon
(1971), 28 Ohio St.2d 45, at paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990), 53 Ohio St.3d 107,111.
 {¶ 48} Crim.R. 7(D) provides in pertinent part: "The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." See, also, R.C. 2941.30. Thus, the trial court could amend the indictment so long as the amendment did not change "the name or identity of the crime charged." Crim.R. 7(D); Statev. O'Brien (1987), 30 Ohio St.3d 122, 125-26.
 {¶ 49} We find that the trial court properly amended the charges in accordance with Crim.R. 7(D). Here, the amendment merely changed the dates of the offenses. It did not alter the name or identity of the crimes charged as appellant claims. Accord State v. Randazzo, Cuyahoga App. No. 79667, 2002-Ohio-2250. The amendment added no new language to the indictment, nor did it add any additional elements that the state was required to prove.
 {¶ 50} Furthermore, appellant has failed to show that he was prejudiced or misled by the amendment. The original indictment informed appellant of all the alleged facts and all the elements of the offenses charged. Appellant clearly received adequate notice of the offenses and an opportunity to defend himself against the charges. Accord State v.Sellards (1985), 17 Ohio St.3d 169, 170.
 {¶ 51} Because the amendment of the indictment did not change the name or identity of the charges, or mislead or prejudice appellant, we find that the trial court's decision allowing the amendments constitutes neither error nor plain error. The third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 52} "The trial court erred to the prejudice of defendant-appellant by overruling his motion to suppress evidence."
 {¶ 53} An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688,691.
 {¶ 54} Appellant argues that the statements he made to the police were involuntary as the result of the detectives' promises to limit the number of charges against him and to ensure that appellant's case would be heard before the drug court.
 {¶ 55} A confession is involuntary and violative of the United States and Ohio Constitutions if it is the product of "coercive police activity." State v. Loza, 71 Ohio St.3d 61, 66, 1994-Ohio-409, quotingColorado v. Connelly (1986), 479 U.S. 157, 167, 107 S.Ct. 515. In determining whether a confession was involuntarily induced, the court must consider the totality of the circumstances, including the age, mentality and prior criminal experience of the accused; the length, intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.Loza at 66. Any statement given "freely and voluntarily without any compelling influences is, of course, admissible in evidence." State v.Tucker, 81 Ohio St.3d 431, 436, 1998-Ohio-438.
 {¶ 56} The trial court observed that appellant signed a total of eight Miranda waivers. Two of the waivers contained the following language: "the following statement is made of my own free will, without anyone having promised me anything or offered to me any hope of reward. I make this statement * * * without anyone having offered to do me any favor and without any promise of leniency." Appellant had had extensive contact with the criminal justice system. The police detectives testified that they could not and did not promise appellant that his case would be tried in drug court or that the charges against him would be limited. They testified that appellant came to them with the preconceived notion that his assistance would win him leniency. To the contrary, appellant testified that the officers induced him to confess with promises of help.
 {¶ 57} Upon review of the record, we find that the trial court's findings are supported by competent, credible evidence. The trial court noted that it found the detectives' testimony more credible than appellant's. Their testimony, along with the waivers signed by appellant, supports the trial court's conclusion that appellant's confessions were voluntarily made. Appellant was given appropriate constitutional warnings, but chose nonetheless to tell the detectives about the various thefts and break-ins. Accordingly, the trial court did not err by denying appellant's motion to suppress evidence. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.
[1] While appellant argues that Mullen's testimony, and his own testimony, constitutes inadmissible hearsay, trial counsel failed to object to the testimony at trial. Because appellant provides no case law or legal argument regarding this particular issue in his appellate brief, we will not consider this contention further. See App.R. 12(A)(2); App.R. 16(A)(7). Hawley v. Ritley (1988), 35 Ohio St.3d 157,159.