JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Sharp ("defendant"), challenges his conviction for burglary under R.C. 2911.12(A)(4). For the reasons that follow, we affirm.
 {¶ 2} The State indicted defendant for burglary, a second degree felony. The charges stem from his arrest on February 18, 2005 at a four-unit apartment building located at 3417 East 139th Street, Cleveland, Ohio. The matter proceeded to a bench trial where the building owner, a previous tenant, and a Cleveland detective testified.
 {¶ 3} The building owner stated all the doors leading into the apartment building are locked. The only persons with permission to be on the premises are the tenants and/or their invitees. The back door automatically locks and cannot be unlocked from the inside. The doors of the building opened to stairways leading to the four units and there is a basement for use by the tenants, which included laundry machines.
 {¶ 4} A prior downstairs tenant testified that on February 18, 2005, he noticed his bedroom window had been opened and the screen had been removed. He proceeded to check the building for an intruder and found a man coming up the stairs from the basement. A neighbor called the police. The man said he came into the building to keep warm. The man was subsequently arrested by Cleveland police. At trial, the tenant was unable to identify defendant as the intruder.
 {¶ 5} Detective Barrow of the Cleveland Police Department interviewed defendant following his arrest at the apartment building. Defendant told Barrow that he and his friends used the basement of the apartment as a place to get high. Defendant claimed he entered the apartment through an open back door.
 {¶ 6} The trial court denied defendant's motion for acquittal. Defendant was found not guilty of burglary in the second degree but guilty of the lesser included offense of burglary in the fourth degree.
 {¶ 7} On appeal, defendant assigns two errors for review, which we address together below.
 {¶ 8} "I. The court's decision finding the defendant guilty of fourth degree burglary was not supported by sufficient probative evidence when Mr. Sharp was in a common area of the building, not within a `habitation.'
 {¶ 9} "II. The court's decision finding the defendant guilty of burglary was not supported by sufficient evidence and was against the manifest weight of the evidence."
 {¶ 10} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 11} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 12} Defendant concedes that he was trespassing in an "occupied structure" but argues he could not be convicted under R.C. 2911.12(A)(4)[1] because he was not found in a "habitation." Defendant further argues that the evidence supported a trespassing conviction rather than burglary. Defendant believes that because he was arrested in a common area of the building, he could not be convicted of trespassing in a habitation. The only case law defendant offers in support isState v. Green (1984), 18 Ohio App.3d 69, 72 and State v.Cantin (1999), 132 Ohio App.3d 808. Neither is on point.
 {¶ 13} Both Green and Cantin addressed whether a structure could be considered an "occupied structure" when it was not presently occupied for purposes of habitation. The courts resolved that a structure's status as an "occupied structure" depends more on the residential purpose of the dwelling rather than the presence or absence of an occupant. It does not, as defendant argues, preclude a finding that the common area of an occupied structure is part of a habitation.
 {¶ 14} In this case, the inside of the apartment building, albeit containing four separate units, was a habitation. The evidence established that only tenants and their invitees were permitted access. All the doors leading into the building were locked and there is no evidence that defendant had any permission to be there on February 18, 2005. That there were some common areas in the building does not negate the nature of the building as a habitation for the tenants. The basement was used by the tenants for purposes that included doing their laundry. Nonetheless, assuming without deciding that there could be some distinction carved out for common areas, there is competent, credible evidence that defendant entered the premises through the window of one of the apartment units. Defendant's claims that he entered through the back door are not credible in light of the testimony from both a tenant and the landlord that the door was always locked and closed. Accordingly, defendant's conviction under R.C. 2911.12(A)(4) was based on sufficient evidence and was not against the manifest weight of the evidence.
 {¶ 15} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Rocco, J., concur.
[1] R.C. 2911.12(A)(4) provides: "(A) No person, by force, stealth, or deception, shall do any of the following: * * * (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."