THE STATE OF OHIO, APPELLEE, *v.* FOWLER, APPELLANT.

[Cite as State *v.* Fowler (1983), 4 Ohio St. 3d 16.]

(No. 82-215—Decided March 9, 1983.)

*Mr. James A. Berry,* prosecuting attorney, and *Ms. Sally L. Dilgart,* for appellee.

*Mr. James N. Griffin,* for appellant.

*Per Curiam.* This cause presents two issues for this court's resolution: first, whether appellee presented sufficient evidence that Lori Lanier was likely to be present in her residence at the time of the trespass in order to support the verdict; and, second, whether the sentencing judge considered uncounseled prior convictions of appellant in setting sentence.

Appellant asserts that no evidence was presented by appellee that would tend to show that Lori Lanier was present or likely to be present at the time of the trespass, other than that the Lanier home was a regularly inhabited residence. This, appellant argues, would be insufficient under the rule of *State* v. *Wilson* (1979), 58 Ohio St. 2d 52 [12 O.O.3d 51], to support a conviction for aggravated burglary.

The aggravated burglary statute, R.C. 2911.11, provides:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

"(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree."

"Occupied structure" is defined in R.C. 2909.01:

"As used in sections 2909.01 to 2909.07 of the Revised Code, an 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

"(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

"(C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

"(D) In which at the time any person is present or likely to be present."

This court in State v. Wilson, supra, at page 56, held that the definitions of "occupied structure" contained in R.C. 2909.01 are to be read disjunctively. Accordingly, we concluded in Wilson, at page 57, that the elements of aggravated burglary that the state must prove are: (1) that the person trespassed by force, stealth, or deception; (2) in an occupied structure as defined in R.C. 2909.01 or in a separately occupied portion thereof; (3) with the purpose to commit therein a theft offense as defined in R.C. 2913.01 or any felony; and (4) the presence of one of the three aggravating circumstances. In proving the second element of the offense, that the trespass was upon an "occupied structure," the state must prove the structure comes within one of the four definitions set out in R.C. 2909.01(A) through (D).

Appellant asserts that proof that a permanent or temporary habitation or dwelling has been burglarized is alone insufficient to establish the fourth element necessary to support a conviction for aggravated burglary, i.e., that the occupied structure is one at the time of the trespass in which any person is present or likely to be present. We agree that such proof will not compel a presumption that a person is likely to be present:

"If we were to agree with the appellant that [State v.] Kilby, supra [(1977), 50 Ohio St. 2d 21 (4 O.O.3d 80)], stands for the proposition that, once the state proves that a permanent or temporary habitation has been burglarized, it is presumed that a person is likely to be present, R.C. 2911.11(A)(3), as construed, would indeed violate the Due Process Clause in

that it would unconstitutionally *presume* the existence of an element of the offense. [Citations omitted.]" *State* v. *Wilson* (1979), 58 Ohio St. 2d 52, 59 [12 O.O.3d 51]. (Emphasis added.)

The jury in this case, however, was free to infer from the evidence presented that Lori Lanier was likely to be present at her residence at the time of the trespass. "Where the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of aggravated burglary under R.C. 2911.11." *State* v. *Kilby* (1977), 50 Ohio St. 2d 21 [4 O.O.3d 80], paragraph one of the syllabus. Evidence was presented below that the Lanier family was home on the day of the crime, that Mr. and Mrs. Lanier occasionally worked at different locations, and that they were not always home at the same time. From these facts a permissive inference could have been drawn by the jury regarding the likelihood of Mr. or Mrs. Lanier being present in the residence at the time of the burglary. Accordingly, we affirm the judgment of the court of appeals with regard to this issue.

Appellant asserts in his second proposition of law that the sentencing judge considered as part of the probation department presentence report, two convictions[2] of appellant when he was unrepresented by counsel. Although appellant states in his brief that "[t]he trial court in the instant case did not indicate whether or not the prior convictions of the defendant were considered," he argues that a "strong inference" can be drawn from the following exchange between the sentencing judge and appellant's counsel:

"[Mr. Griffin:] * * * Finally, we would point out to the Court, and it recently came to my attention, that in his probation presentence report there are two adult offenses listed where at the time it did not come to the Court's attention. Mr. Fowler I do not believe was represented by counsel at guilty pleas of those offenses.

"The Court: Does that mean he didn't do it? I don't understand what that means.

"Mr. Griffin: We wanted to point out to the Court that presentence report. He was not represented by counsel at the time of the pleas, those two adult offenses."

We agree with the court of appeals that "[t]here is nothing in the record to indicate that the defendant received more than the minimum sentence *only* because of a prior conviction where he did not have counsel." (Emphasis

---

[2] The presentence investigation, requested at trial by appellant and added to the record by appellant below, reveals two adult convictions. The first is a 1975 conviction for misdemeanor theft, a violation of R.C. 2913.02, to which appellant entered a guilty plea. The second is a 1977 conviction entered upon appellant's guilty plea for obstruction of mail, a federal offense classified as a "petty offense" in Section 1(3), Title 18, U.S. Code.

*sic.*) We conclude that the quoted statement of the sentencing judge does not support the contention of appellant that the judge gave explicit consideration to previous convictions. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., not participating.