OPINION
{¶ 1} Defendant-appellant, James Baker, appeals his conviction in the Butler County Court of Common Pleas for burglary. We affirm appellant's conviction.
 {¶ 2} In October 2002, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, and one count of obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor. In January 2003, a jury trial was held in common pleas court. At trial, the state presented evidence that appellant broke into the Hamilton home of Bob Wargo and stole clothing and mini-blinds. The state also presented evidence that appellant initially provided a false name to police officers.
 {¶ 3} The jury convicted appellant on both counts for which he was indicted. The trial court sentenced appellant to serve six years in prison for the burglary conviction, and 90 days for the obstructing official business conviction.
 {¶ 4} Appellant now appeals his burglary conviction, raising three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The Finding Of Guilt In The Case Sub Judice Was Not Supported By Sufficient Evidence And The Trial Court Erred By Overruling Motions For Acquittal Raised By Defendant-appellant."
 {¶ 7} In this assignment of error, appellant argues that there was not sufficient evidence to support his burglary conviction. According to appellant, the state did not prove that someone was "present or likely to be present" in Wargo's home when appellant trespassed.
 {¶ 8} When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. In reviewing a claim for sufficiency, the court is to examine the evidence presented at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259, 263. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Carter, 72 Ohio St.3d 545,553, 1995-Ohio-104.
 {¶ 9} R.C. 2911.12(A) provides as follows:
 {¶ 10} "No person, by force, stealth, or deception, shall do any of the following:
 {¶ 11} "***
 {¶ 12} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
 {¶ 13} In determining what constitutes sufficient proof that a person is "likely to be present," the Ohio Supreme Court has held that the state meets its burden if it presents evidence "that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent[.]"State v. Kilby (1977), 50 Ohio St.2d 21, paragraph one of the syllabus [construing former R.C. 2911.11(A)(3)]. See, also, State v. Lockhart
(1996), 115 Ohio App.3d 370, 373; State v. Hibbard, Butler App. Nos. CA2001-12-276, CA2001-12-286, 2003-Ohio-707, ¶ 12.
 {¶ 14} Wargo, a 78-year-old retired man, testified at trial about the burglary of his home. When asked what he did during a normal day, Wargo testified as follows: "I'm in and out, and I do different things. I can't explain *** what I do every minute of the day, but I usually get around. I drive here and drive there and do things." On the day of the offense, Wargo testified that he was at home until about 12:30 or 1:00 in the afternoon, when he left to eat at his daughter's home. Wargo's daughter also lives in Hamilton. After receiving a call a couple hours later that his home had been burglarized, Wargo returned to his home.
 {¶ 15} Billy Robertson, a neighbor of Wargo, testified at trial that Wargo "is in and out a lot." He also testified that he saw appellant break into Wargo's house about 15 minutes after Wargo left.
 {¶ 16} The testimony of Wargo and Robertson was sufficient to prove that Wargo was "likely to be present" within the meaning of R.C.2911.12(A)(2). Through their testimony, the state showed that Wargo usually is and in fact was "in and out" of his home on the day of the offense, and that the offense took place while he was temporarily absent. See Kilby, 50 Ohio St.2d at paragraph one of the syllabus. The state also proved through Wargo's testimony that his home was a permanent dwelling house that he currently inhabited. Appellant does not contest those issues on appeal.
 {¶ 17} Based on the evidence presented at trial, a rational trier of fact could have found that Wargo was "likely to be present" within the meaning of R.C. 2911.12(A)(2). Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The Finding Of Guilt In The Case Sub Judice Was Against The Manifest Weight Of The Evidence."
 {¶ 20} Appellant argues that his conviction was against the manifest weight of the evidence "for similar reasons as those set forth" in his first assignment of error. Again, appellant argues that the weight of the evidence does not support a conclusion that Wargo was "likely to be present" during the burglary.
 {¶ 21} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d at 387,1997-Ohio-52.
 {¶ 22} After reviewing the record, we do not find that the jury clearly lost its way and created a manifest miscarriage of justice. Wargo and Robertson were the only witnesses who testified as to the "likely to be present" requirement in R.C. 2911.12(A)(2). As we discussed in resolving appellant's first assignment of error, their testimony was sufficient to prove the "likely to be present" requirement. Because there was no evidence presented by appellant at trial to contradict the testimony of Wargo and Robertson, and no other testimony presented relevant to the "likely to be present" requirement, we cannot find that the jury's verdict was against the manifest weight of the evidence.
 {¶ 23} Accordingly, appellant's second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "The Trial Court Erred In Not Ordering A Mistrial And/Or Instruction To The Jury After The Prosecution During Closing Arguments Misstated The Law, Confused And/or Inflamed The Jury, And Denegrated [sic] Defense Counsel."
 {¶ 26} In this assignment of error, appellant argues that prosecutorial misconduct occurred at trial during the state's closing argument. According to appellant, this conduct prejudiced him and should result in a reversal of his conviction.
 {¶ 27} The test for prosecutorial misconduct is whether the remarks made by the prosecution were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. Smith
(1984), 14 Ohio St.3d 13, 14. "The touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.'" State v.Jones, 90 Ohio St.3d 403, 420, 2000-Ohio-187, quoting Smith v. Phillips
(1982), 455 U.S. 209, 219, 102 S.Ct. 940.
 {¶ 28} A prosecutor is afforded wide latitude in closing arguments. State v. Jacks (1989), 63 Ohio App.3d 200, 210. The arguments must be reviewed in their entirety to determine whether the prosecutor's remarks were prejudicial. See State v. Loza, 71 Ohio St.3d 61, 79,1994-Ohio-409. Even if a prosecutor's statements during closing arguments are improper, reversal based upon those statements is warranted only if the statements permeate the entire atmosphere of the trial. State v.Tumbleson (1995), 105 Ohio App.3d 693, 699.
 {¶ 29} Appellant failed to object at trial to the alleged improper comments of the prosecutor. A failure to object to alleged prosecutorial misconduct waives all but plain error. State v. LaMar, 95 Ohio St.3d 181,204, 2002-Ohio-2128, ¶ 126. An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz, 84 Ohio St.3d 452, 455,1999-Ohio-464. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio, 73 Ohio St.3d 141, 144,1995-Ohio-129.
 {¶ 30} In the state's closing argument, the prosecutor referred to appellant's argument concerning the "likely to be present" requirement as "ridiculous." The prosecutor implied that appellant's argument was equivalent to saying that "if someone burglarizes [your house], and somebody burglarizes it [when] you weren't there, it is not burglary." The prosecutor continued: "Ridiculous. Of course it is. Why do you think the law is made this way? The law is designed to protect the individual's home, his castle against people who might haphazardly break into your house and then you come home."
 {¶ 31} Appellant argues that the prosecutor's argument confused the jury because it led the jury to believe that a conviction under R.C.2911.12(A)(2) was the only way a defendant could be convicted of burglary in Ohio. According to appellant, these comments caused the jury to overlook the "likely to be present" element in R.C. 2911.12(A)(2).
 {¶ 32} We do not find plain error in this case. We do not find that the result of the trial clearly would have been different had the prosecutor not made the remarks cited by appellant. In its instructions to the jury, the trial judge clearly set forth the elements of burglary in violation of R.C. 2911.12(A)(2), including the "likely to be present" element. The trial judge also instructed the jury on the lesser-included offense of burglary in violation of R.C. 2911.12(A)(3), which does not include the "likely to be present" element. Therefore, contrary to appellant's contention, the record shows that the jury was made aware of the fact that a conviction under R.C. 2911.12(A)(2) was not the only way a defendant could be convicted of burglary. The jury was presented with a clear choice and chose to convict appellant of burglary under R.C.2911.12(A)(2) rather than R.C. 2911.12(A)(3).
 {¶ 33} Because the result of the trial would not clearly have been different, we overrule appellant's third assignment of error.
 {¶ 34} Judgment affirmed.