DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 12, 2004 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Michael Woodruff, following his conviction of burglary, a violation of R.C.2911.12(A)(2). Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellant asserts the following single assignment of error on appeal:
{¶ 2} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR DIRECTED VERDICT TO THE OFFENSE OF BURGLARY BECAUSE THE STATE FAILED TO SHOW IT OCCURRED IN AN `OCCUPIED STRUCTURE.'"
 {¶ 3} Appellant was charged with burglary for stealing tools from a home that was under major renovation. He argues on appeal that his Crim.R. 29 motion for acquittal should have been granted because there was no evidence that the structure from which tools were stolen was an "occupied structure." The structure was under major renovation and was not in a habitable condition. The prosecution argues that either the owner of the structure or the person doing the remodeling could have been present when the burglary occurred.
 {¶ 4} Appellant was charged with burglary. R.C. 2911.12(A)(2) provides that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."
 {¶ 5} R.C. 2909.01(C) defines an "occupied structure" as "any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
 {¶ 6} "(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
"(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
"(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
"(4) At the time, any person is present or likely to be present in it."
 {¶ 7} Because the statute uses the phrase "any of the following," the definitions must be read disjunctively. State v. Fowler (1983),4 Ohio St.3d 16, 18, citing State v. Wilson (1979), 58 Ohio St.2d 52, 56. Therefore, the fact that a building is under renovation and temporarily uninhabited is not dispositive of the issue of whether it can be burglarized. Rather, we must determine if the crime occurred at a time when someone is present or likely to be present. State v. Charley, 8th Dist. No. 82944, 2004-Ohio-3463; State v. Holden (Sept. 6, 2001), 8th Dist. No. 78669, at ¶ 72; State v. Burns (Mar. 31, 1997), 6th Dist. No. L-96-224; and State v. Green (1984), 18 Ohio App.3d 69.
 {¶ 8} In the case before us, there was evidence that the home was vacant because it was under major renovations. The man doing the renovations testified that he worked eight to twelve hours a day, five to seven days a week. He also testified that he had slept at the home occasionally in order to get the work done faster. The owner of the home testified that she made frequent stops at the home to check on the renovations. While neither person was at the home during the time of the theft, there is sufficient evidence from which the jury could have concluded that they might well have been there. Appellant's sole assignment of error is not well-taken.
 {¶ 9} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal; for which sum, judgment is rendered against appellant on behalf of Lucas County, and for which, execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.