JOURNAL ENTRY AND OPINION
{¶ 1} John Young ("Young") appeals from his conviction rendered in the Cuyahoga County Common Pleas Court. Young argues that his trial counsel rendered ineffective assistance, that the State of Ohio ("State") failed to present sufficient evidence to support his conviction, and that his conviction is against the manifest weight of the evidence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arises out of a burglary that occurred on July 18, 2004 at 16206 Grovewood Avenue in Cleveland, Ohio. At the time of the burglary, victim Berry Grant ("Berry") lived in the downstairs portion of the house with his then fiancée, Lynesha Shaw-Grant ("Lynesha").[1] Prior to July 2004, Young's parents, John Young Sr. and Dolores Young, lived in the upstairs portion of the house.
 {¶ 3} On the morning of July 18, 2004, between nine and ten o'clock, Berry and Lynesha left their residence. When they returned at approximately two in the afternoon, they discovered that their home had been broken into and that several of their belongings were missing. Berry first noticed that his laptop computer was missing. He then noticed broken glass on the floor, realized that his home had been burglarized and contacted police.
 {¶ 4} Berry stated that the storm window had been taken out and set aside, and then the main glass windowpane had been broken. Berry stated that there were pieces of glass laying inside on the couch and floor as well as outside on the couch located on the front porch. Berry also discovered a tear in the front screen door and concluded that the intruder first accessed the front porch by ripping the screen and reaching through it to unlock the front porch door. Then, Berry supposed that the intruder removed the storm window, broke the main window and gained access into his home.
 {¶ 5} Berry stated that the intruder removed a bottle of punch from the refrigerator and left it in his bedroom. Berry also stated that the intruder removed a DVD player, a PlayStation game system and games, compact discs, a laptop computer, a large amount of jewelry and several other items. Berry estimated the total value of the items stolen at approximately eighteen thousand dollars.
 {¶ 6} Cleveland Police Officer Michael Benz ("Officer Benz") responded to the scene. Officer Benz noticed that the front porch screen door had been punched in and that one of the front windows had been broken. Officer Benz requested assistance from the scientific investigation unit.
 {¶ 7} Cleveland Police Detective David Stokes ("Detective Stokes"), a twenty-seven-year veteran of the police force and a member of the crime scene unit, arrived at the house. Detective Stokes observed and photographed the home and then retrieved fingerprints from the broken pieces of glass from the window. Detective Stokes stated that fingerprints were found on both the interior and exterior sides of the glass. He then submitted the fingerprints in a metal lockbox for analysis.
 {¶ 8} Michele Kurtycz ("Kurtycz"), a Cleveland Police fingerprint examiner, received the prints for analysis. Kurtycz explained that she ran the best quality prints through AFIS, the automated fingerprint identification system. Three of these prints came back as belonging to Young. Based on the AFIS results, Kurtycz compared the latent prints lifted from the crime scene with the ten fingerprint card of Young on file with the department. Kurtycz concluded that the fingerprints left on the pieces of glass from the Grants' window belonged to Young.
 {¶ 9} Lieutenant Gail Maxwell ("Lieutenant Maxwell") followed up the investigation. Lieutenant Maxwell contacted Berry and Lynesha and took their written statement. She also asked whether either victim knew Young and whether Young had ever been given permission to enter their home. After learning that Young never had permission to enter the Grants' home, Lieutenant Maxwell obtained a warrant for Young's arrest. Police arrested Young on October 9, 2004, for burglary and theft.
 {¶ 10} On November 19, 2004, the Cuyahoga County Grand Jury returned a two-count indictment charging Young with burglary and theft. On December 28, 2004, Young pleaded not guilty to the indictment and the matter was assigned to the trial court. The following day, defense counsel filed discovery motions, which the State did not respond to until September 19, 2005. Defense counsel did not file a motion to compel the discovery responses.
 {¶ 11} The trial court and counsel selected a trial date of March 1, 2005. However, on that date, Young failed to appear because of his incarceration on a misdemeanor offense in Euclid Municipal Court. The trial court issued a capias and Young was returned to the Cuyahoga County Jail on August 12, 2005, after his release from Euclid Municipal Jail.
 {¶ 12} The trial court rescheduled Young's trial for September 27, 2005. During trial, the State presented the following witnesses: Berry, Officer Benz, Detective Stokes, Kurtycz and Lieutenant Maxwell. Defense counsel presented two witnesses: John Young Sr. and Dolores Young.
 {¶ 13} John Young Sr. confirmed that in the summer of 2004, he and his wife moved out of the upstairs portion of the house on Grovewood. He also testified that while living on Grovewood, his son, John Young, would visit and do laundry. John Young Sr. testified that he recalled two specific occasions when his son was inside the Grants' residence. Dolores Young also testified that she remembered her son being inside the Grants' house, and specifically remembered that Lynesha asked him to measure her windows for window treatments.
 {¶ 14} The State called Lynesha on rebuttal. She testified that she had never asked Young to come inside her residence. Lynesha explained that when she moved into the house on Grovewood the windows already had treatments; she merely changed them after she and Berry moved in. Lynesha stated that Young had never been inside her residence, nor did he have permission to enter their residence.
 {¶ 15} The jury returned a verdict of guilty of one count of burglary and one count of theft as charged in the indictment. Young filed several post-trial motions including a motion to set aside the verdict. The trial court denied all of Young's motions and sentenced Young to two years of incarceration.
 {¶ 16} Young appeals, raising the three assignments of error contained in the appendix to this opinion.
 {¶ 17} In his first assignment of error, Young argues that his trial counsel rendered ineffective assistance when counsel failed to file a motion to dismiss for violation of his speedy trial rights. This assignment of error lacks merit.
 {¶ 18} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."Strickland, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, at 143.
 {¶ 19} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential."Strickland, at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 20} Young alleges that his trial counsel rendered ineffective assistance for failing to file a motion to dismiss the charges for violation of Ohio's speedy trial statute, R.C.2945.71 and R.C. 2945.72. Speedy trial provisions are mandatory, and, pursuant to R.C. 2945.73(B) and (D), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. A person charged with a felony shall be brought to trial within two hundred and seventy days of their arrest. R.C.2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C.2945.71(E). This "triple-count" provision applies only when the defendant is being held in jail solely on the pending charge.State v. MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syllabus. Therefore, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges. Id.
 {¶ 21} Young was held in jail in lieu of bail in this case, CR-459166, and in case CR-460082, in which the Cuyahoga County Grand Jury indicted Young with one count of possession of cocaine. Therefore, the triple-count provision does not apply. Accordingly, to avoid violating Young's rights under R.C.2945.71, the State had to begin its case within two hundred and seventy days of Young's October 9, 2004 arrest.
 {¶ 22} However, the running of the speedy trial clock may be temporarily stopped for reasons listed in R.C. 2945.72. A court charged with reviewing a speedy trial issue is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. State v.Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478. We must determine if the State complied with the statute's strict standards in this case.
 {¶ 23} R.C. 2945.72 provides as follows:
"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state * * *."
 {¶ 24} In the present case, the Cleveland Police arrested Young on October 9, 2004. On December 7, 2004, after Young failed to appear for his arraignment, the trial court issued a capias. After learning that Young was in the Euclid City Jail, the trial court executed an order for his return. Young was ultimately arraigned on December 28, 2004. The trial court set trial for March 1, 2005, a date that was well within the bounds of the two hundred and seventy day limit. However, Young failed to appear on that date and the court issued a capias. At the time of the March 1, 2005 trial date, Young was in the Euclid City Jail where he was held on another criminal matter until August 12, 2005. Accordingly, pursuant to R.C. 2945.72(A), Young is not entitled to assert his speedy trial rights for the period of March 1, 2005 through August 12, 2005.
 {¶ 25} Therefore, with the time period of March 1, 2005 through August 12, 2005 removed from the speedy trial calculation, it is clear that the State of Ohio brought Young to trial within the requirements of Ohio's speedy trial statute. R.C. 2945.71 and R.C. 2945.72. Accordingly, we conclude that Young's counsel was not deficient in failing to raise the speedy trial issue and, therefore, Young's trial counsel did not provide ineffective assistance.
 {¶ 26} Young's first assignment of error is overruled.
 {¶ 27} In his second assignment of error, Young argues that the State failed to present sufficient evidence that he committed the crime of burglary. This assignment of error lacks merit.
 {¶ 28} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, as follows:
"Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 29} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 30} The jury convicted Young of burglary, which pursuant to R.C. 2911.12(A)(1), provides as follows:
"No person, by force, stealth, or deception shall * * * [t]respass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense."
 {¶ 31} In this assigned error, Young argues that because the State failed to present evidence regarding whether the offense occurred when another person "was present, or likely to be present" at the time of the crime, his conviction cannot stand. We disagree.
 {¶ 32} "A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present." State v. Frock,
Clark App. No. 2004 CA 76, 2006-Ohio-1254. To determine whether persons were present or likely to be present under R.C.2911.12(A)(2), a defendant's knowledge about habitation is not material. In re Meatchem, Hamilton App. No. C-050291,2006-Ohio-4128. "The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely." State v. Brown (April 28, 2000), Hamilton App. No. C-980907. Merely showing that people dwelled in the residence is insufficient; the State must provide specific evidence that the people were present or likely to be present at the time of the burglary. Frock, supra; Meatchem,
supra.
 {¶ 33} The Ohio Supreme Court has stated, "[w]here the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of [burglary under R.C. 2911.12(A)(2)]." State v. Kilby (1977),50 Ohio St.2d 21, paragraph one of the syllabus.
 {¶ 34} In the present case, the State provided the following evidence with regard to this issue: Berry and Lynesha lived in the downstairs portion of the house and had lived there for some time prior to July 18, 2004; both Berry and Lynesha worked during the week, but were off on the weekends; this crime occurred sometime between nine o'clock in the morning and two o'clock in the afternoon on a Sunday, when Berry and Lynesha were temporarily absent.
 {¶ 35} Accordingly, viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that someone was "likely to be present" at the Grant home at the time of the burglary. Young does not challenge any other element supporting his conviction for burglary.
 {¶ 36} Accordingly, Young's second assignment of error is overruled.
 {¶ 37} In his third assignment of error, Young argues that his convictions for burglary and theft are against the manifest weight of the evidence. We disagree.
 {¶ 38} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387. (Internal citation omitted.)
 {¶ 39} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479,483, 2000-Ohio-465. (Internal citation omitted.)
 {¶ 40} The elements of burglary are listed above. The jury also convicted
 {¶ 41} Young of theft, which pursuant to R.C. 2913.02(A)(1), provides as follows:
"No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent."
 {¶ 42} In this assigned error, Young reiterates the argument found in his second assignment of error as it relates to his conviction for burglary. Young also argues that the evidence submitted by the State lacked credibility and reliability. Specifically, Young claims that the State failed to preserve "the only piece of physical evidence — large shards of glass — that allegedly linked Mr. Young to the alleged crime scene." Also, Young claims that Detective Stokes never fingerprinted the television set, jewelry box, juice bottle, or the compact disc cases. However, in making these arguments, Young fails to cite to any authority in support of his contention that because these things were not done, Young's conviction must be reversed. App.R. 12(A)(2) and App.R. 16 (A) allow this court to disregard such arguments. State v. Martin (July 12, 1999), Warren App. No. CA99-01-003.
 {¶ 43} Nonetheless, we conclude that the jury did not lose its way in convicting Young of burglary and theft. The evidence revealed the following: that the Grant home was broken into on July 18, 2004, while the Grants were temporarily absent; the intruder broke a window to gain entry into the Grants' home; Young's fingerprints were on the broken glass; Young's fingerprints had no reason for being there; and, approximately eighteen-thousand dollars worth of personal property was removed from the Grants' home without their permission. Accordingly, we cannot state that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 44} Young's third and final assignment of error is overruled.
 {¶ 45} The judgment of conviction is affirmed. It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Corrigan, J., concur.
 Appendix Assignments of Error: "I. Trial counsel was ineffective for failing to file a motionto dismiss for violation of Mr. Young's right to a speedy trial.
 II. The appellant's convictions are based on insufficientevidence.
 III. Appellant's convictions are against the manifest weightof the evidence."
[1] The two have since married.