OPINION
{¶ 1} Erich Miller was convicted of burglary after a jury trial in the Clark County Court of Common Pleas. The court sentenced him to six years of incarceration. Miller appeals from his conviction, arguing that his conviction was based on insufficient evidence.
 {¶ 2} "`[Sufficiency' is a term of art meaning that legal standard which is *Page 2 
applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541, citing Black's Law Dictionary (6th Ed.1990) 1433. When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Dennis,79 Ohio St.3d 421, 430, 1997-Ohio-372, 683 N.E.2d 1096, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d. 560. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 3} The state's evidence at trial established the following facts.
 {¶ 4} Sandra West had resided at 1599 Karr Street in Springfield, Ohio, for approximately thirty years. West kept cash in her home, and she hid it in a key-locked upstairs bedroom in a concealed compartment in a closet. West testified that her oldest grandaughter, Tasha Jones, was the only person who knew where her money was hidden. Jones is the girlfriend of Miller and the neighbor of Joseph Wilmeth, Jr.
 {¶ 5} West worked the 11:00 p.m. to 7:00 a.m. shift at Mercy Medical Center, which is located about five minutes from her home. When asked whether she ever returned home during work hours, West responded that she had done so on two occasions: once when she had forgotten her medication for chronic liver disease and once when she had forgotten to unplug the curling iron.
 {¶ 6} On August 23, 2005, West returned home after work and discovered that the back door to her home was open. Upon searching her house, she discovered that *Page 3 
approximately 40 video games, four XBox controllers, and the hidden cash had been taken.
 {¶ 7} Wilmeth confessed to committing the burglary and asserted that Miller had been his accomplice. Wilmeth testified that, at approximately 4:00 a.m. to 4:30 on August 23, 2005, he and Miller walked from his house to West's house, broke the back window on the left side of the back door, unlocked the back door, and went upstairs to the locked bedroom. Wilmeth stated that he and Miller first located and took the money and then went to a back bedroom where the video games and XBox were located. Wilmeth indicated that Jones had told them West's work schedule and which room contained the hidden money.
 {¶ 8} Jones also pled guilty to the burglary. She testified on Miller's behalf that he had not received money from the burglary, that "it was all [Wilmeth]," and that she wanted to withdraw her plea. West testified as a rebuttal witness that Jones had stated that "they didn't come up until 3 o'clock in the morning, and they were back home by 3:30." West also testified that Jones had refused to pay back any money because "she [Jones] didn't get anything out of it."
 {¶ 9} Miller was convicted of burglary, in violation of R.C.2911.12(A)(2), which provides:
 {¶ 10} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 11} "* * *
 {¶ 12} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary *Page 4 
habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
 {¶ 13} In his sole assignment of error, Miller claims that his conviction was based on insufficient evidence, because the state presented no evidence that anyone was "present or likely to be present" during the alleged burglary. Miller asserts that the evidence demonstrated merely a "remote" chance that West would be present. The state responds that "[t]he question is whether, after consideration of all the circumstances, the jury could have arrived at a conclusion that there was a logical expectation that a person could be present. * * * A quantitative measure is just not the way things should work in the law." Emphasis sic.
 {¶ 14} In State v. Frock, Clark App. No. 2004 CA 76, 2006-Ohio-1254, we discussed whether a person is "likely" to be present in the context of R.C. 2911.12(A)(2), as follows:
 {¶ 15} "`Although the term `likely' connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty. A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present.' State v. Green (1984),18 Ohio App.3d 69, 72, 480 N.E.2d 1128. In determining whether persons were present or likely to be present under R.C. 2911.12(A)(2), `the defendant's knowledge concerning habitation is not material. The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely.' State v.Brown (Apr. 28, 2000), Hamilton App. No. C-980907. Merely showing *Page 5 
that people dwelled in the residence is insufficient; the state must adduce specific evidence that the people were present or likely to be present at the time of the burglary. State v. Fowler (1983),4 Ohio St.3d 16, 18, 445 N.E.2d 1119.
 {¶ 16} "The supreme court has held that the `likely to be present' element is satisfied where the structure is a permanent dwelling house which is regularly inhabited, the occupants were in and out of the house on the day in question, and the occupants were temporarily absent when the burglary occurred. State v. Kilby (1977), 50 Ohio St.2d 21, 23,361 N.E.2d 1336. See, also, Fowler, 4 Ohio St.3d at 19, 445 N.E.2d 1119;State v. Baker, Butler App. No. CA2003-01-16, 2003-Ohio-5986. On the other hand, courts have found insufficient evidence that the occupants were likely to be present when they were absent for an extended period, such as a vacation, and no one else was regularly checking on the house. See, e.g., State v. Cantin (1999), 132 Ohio App.3d 808, 726 N.E.2d 565;State v. Brightman, Montgomery App. No. 20344, 2005-Ohio-3173; State v.Hibbard, Butler App. Nos. CA2001-12-276 and CA2001-12-286, 2003-Ohio-707, ]}13; State v. Weber (Dec. 23, 1997), Franklin App. No. 97APA03-322; State v. Cochran (Jan. 30, 1996), Cuyahoga App. No. 50057. Similarly, if the occupants of a house are gone for the entire work day, they are not `likely to be present' during the day. See Brown, supra."Frock at ?20-21.
 {¶ 17} In the present case, the burglary occurred at approximately 4:00 a.m. West testified that she worked the 11:00 p.m. to 7:00 a.m. shift at the hospital. The burglary thus occurred near the middle of her shift, not when she would typically be at home. Although West testified that the hospital was five minutes from her home, West identified only two specific occasions when she had returned home during her shift- *Page 6 
when she forgot her medication and when she left a curling iron on. Both of those instances were unanticipated, and the only reasonable interpretation is that these were exceptional circumstances. Although we view the evidence and the inferences drawn therefrom in the light most favorable to the prosecution, we conclude that a reasonable jury could not find, beyond a reasonable doubt, that West was objectively "likely to be present" at her home when the burglary occurred. To the contrary, West's testimony demonstrated that she was likely to be at work at the time of the burglary. Accordingly, the state failed to prove an essential element of burglary under R.C. 2911.12(A)(2).
 {¶ 18} The assignment of error is sustained.
 {¶ 19} Although the state did not satisfy its burden under R.C.2911.12(A)(2), a second degree felony, R.C. 2911.12(A)(3) sets forth a lesser included offense of R.C. 2911.12(A)(2). As we stated inFrock, R.C. 2911.12(A)(3) "omits the one element about which the state had failed to present evidence — the presence or likely presence of someone other than an accomplice of the offender." Frock at ]}25. R.C.2911.12(A)(3) is defined as a third degree felony.
 {¶ 20} "When the evidence shows that a defendant is not guilty of the degree of crime for which he was convicted (e.g., the conviction was not supported by sufficient evidence), but is guilty of a lesser crime included therein, we may modify the verdict accordingly. Crim.R. 33(A)(4); State v. Scott, Scioto App. No. 02CA2841, 2002-Ohio-7083."Frock at ?26.
 {¶ 21} Because the state failed to present sufficient evidence to support a conviction under R.C. 2911.12(A)(2), Miller's conviction must be vacated. However, *Page 7 
the evidence supported a conviction under R.C. 2911.12(A)(3). Accordingly, we enter a judgment of conviction on the lesser included offense of burglary in violation of R.C. 2911.12(A)(3).
 {¶ 22} The case is remanded to the trial court for resentencing.
BROGAN, J. and FAIN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1