OPINION
{¶ 1} Appellant, Antionellio E. McCoy ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas convicting him on one charge of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree.
 {¶ 2} On April 30, 2007, at a little before 9:00 a.m., Sonia Howard ("Howard") was standing in the front yard of her home on Oakwood Avenue in Columbus with her daughter. Howard saw appellant walking on the other side of the street, and recognized *Page 2 
that he was not a resident of the neighborhood. Appellant was carrying what she believed was an empty plastic garbage bag over one shoulder.
 {¶ 3} Howard went into her house to get her car keys so she and her daughter could leave, at which point Howard heard her dog barking outside. She went back outside and observed that appellant had crossed to her side of the street and was one or two houses down the street from hers. Howard unleashed her dog so she could put the dog in the house, at which point she realized that she did not see appellant any more. When Howard asked her daughter where appellant went, her daughter replied that he was "climbing in Kevin's window." (Tr. 41.) At that point, Howard saw two legs sticking out of the window at 1385 Oakwood Avenue, which was the home of Kevin and Loretta Hayden and their children. Howard called the police, and waited on the line until police arrived.
 {¶ 4} Officer Brad White of the Columbus Police Department responded to the call within minutes, and observed appellant, who fit the description that had been called in and was carrying a black garbage bag, about one block away. As Officer White approached, appellant began to walk more quickly, until he ducked into an adjacent alley. Appellant emerged from the alley without the garbage bag. At that point, Officer White placed appellant under arrest.
 {¶ 5} After appellant had been placed under arrest, an officer at Howard's house told her a suspect had been arrested and asked her to come to see if she could identify him as the person she had seen. Howard got in the police car, which was then driven around the corner to where appellant was being held. When Howard saw appellant at *Page 3 
that point, appellant was standing next to a police cruiser and was wearing handcuffs. Howard immediately identified appellant as the person she had seen.
 {¶ 6} From the alley, Officer White recovered the garbage bag, a pry bar, and some personal effects. Officer White also found DVDs and other items of property. Loretta Hayden testified at trial that the DVDs, some wristwatches, and a hat, all of which were recovered from the alley, were items that had been taken from her home.
 {¶ 7} Police crime scene personnel performed an investigation at the Hayden house. Pry marks were identified on a windowsill in the front of the house. Evidence technicians were able to lift one fingerprint from the front window, which was later identified as coming from appellant.
 {¶ 8} Appellant was indicted on one count of burglary, a felony of the second degree.[1] Appellant filed a motion to suppress Howard's out-of-court identification of appellant, arguing that the "show-up" procedure used by police was unduly suggestive. The trial court held a hearing, after which it denied appellant's motion to suppress. The case then proceeded to trial, at the conclusion of which the jury convicted appellant on the charge of burglary.
 {¶ 9} Appellant filed this appeal, alleging two assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ALLOWING AN IN COURT IDENTIFICATION OF APPELLANT BY THE STATE'S WITNESS, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.[2] *Page 4 
 II. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED [sic] BURGLARY AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred when it denied his motion to suppress Howard's identification of him shortly after he was placed under arrest. When a witness has identified a suspect in a pre-trial confrontation, due process requires a court to suppress the identification if: (1) the confrontation was unnecessarily suggestive of the suspect's guilt, and (2) the identification was unreliable under all the circumstances.State v. Gross, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, citing State v. Murphy, 91 Ohio St.3d 516, 2001-Ohio-112,747 N.E.2d 765; State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.
 {¶ 11} Generally, a confrontation is unnecessarily or unduly suggestive where, as here, the witness views only one subject. State v.Brown, Butler App. No. CA2006-10-247, 2007-Ohio-7070, citing Manson v.Brathwaite (1977), 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140. However, that alone is not sufficient to require suppression of the identification where the circumstances otherwise show the reliability of the identification. Brown, supra. Factors to be considered when determining whether the circumstances show the reliability of the identification are: (1) whether the witness had the opportunity to view the suspect at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the suspect, (4) the level of certainty expressed by the witness at the time of the identification, and (5) the length of time *Page 5 
between the crime and the confrontation. State v. Broom (1988),40 Ohio St.3d 277, 533 N.E.2d 682, citing Manson, supra.
 {¶ 12} At the hearing on the motion to suppress, Howard testified that when she first saw appellant walking on the other side of the street from her house, she made "brief eye contact" with him and "looked him over." (Motion to Suppress Tr. 4.) She noticed at that point that he was carrying a garbage bag over his shoulder. Howard further testified that she had a good opportunity to view appellant after he crossed the street, and there was "no doubt" that he was the same person she had seen earlier. (Motion to Suppress Tr. 6.)
 {¶ 13} Howard's testimony, both at the hearing on the motion to suppress and at trial, shows that she was paying particular attention at the time she saw appellant. Appellant first caught Howard's attention because he was walking in front of a house that she "[kept] an eye out for" because it was empty. (Motion to Suppress Hearing Tr. 4.) Howard also stated that she is "very observant" of people who are close to her home. (Motion to Suppress Hearing Tr. 12.)
 {¶ 14} Officer White testified at trial that he approached appellant because he fit the description that had been provided. (Tr. 25.) Howard testified that when she was taken to the place where appellant had been arrested, his hair and clothes matched the description of the person she had seen in front of her house. (Motion to Suppress Hearing Tr. 8.) Howard testified that she had "no doubts" that appellant was the person she had seen. (Motion to Suppress Hearing Tr. 9.) Finally, the length of time that had passed between Howard seeing appellant on the street in front of her house and the confrontation in which she identified him was a few minutes. *Page 6 
 {¶ 15} Taken together, these circumstances show that Howard's identification of appellant was sufficiently reliable such that the trial court did not err in overruling appellant's motion to suppress the identification. Consequently, appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant argues that his conviction was not supported by sufficient evidence, and was against the manifest weight of the evidence. As set forth in State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, when reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court must examine the evidence submitted at trial to determine whether such evidence, if believed, would convince an average person of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus. See, also, Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 17} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,20 OBR 215, 485 N.E.2d 717. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson, supra, at 319. Accordingly, the reviewing court does not substitute its judgment for that of the fact finder. Jenks, supra, at 279. *Page 7 
 {¶ 18} In determining whether a verdict is against the manifest weight of the evidence, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. However, in engaging in this weighing, the appellate court must bear in mind the fact finder's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass (1967), 10 Ohio St.2d 230,39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, supra, at 387.
 {¶ 19} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2), which provides in relevant part, that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender ispresent or likely to be present, with purpose to commit in the habitation any criminal offense." (Emphasis added.) Appellant argues that his conviction for burglary was not supported by sufficient evidence and was against the manifest weight of the evidence because no evidence was offered that anyone was present or likely to be present in the Haydens' house at the time of the break in.
 {¶ 20} The Supreme Court of Ohio has held that the fact that a dwelling is used as a residence is not itself sufficient to establish that someone was likely to be present. State v. Fowler (1983),4 Ohio St.3d 16, 4 OBR 14, 445 N.E.2d 1119. See, also, State v. *Page 8 Wilson (1979), 58 Ohio St.2d 52, 59, 12 O.O.3d 51, 388 N.E.2d 745 ("If we were to agree with * * * the proposition that, once the state proves that a permanent or temporary habitation has been burglarized, it is presumed that a person is likely to be present, [the statute] as construed, would indeed violate the Due Process Clause in that it would unconstitutionally presume the existence of an element of the offense").
 {¶ 21} The term "likely to be present" for purposes of R.C. 2911.12(A)(2) "connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty."State v. Miller, Clark App. No. 2006 CA 98, 2007-Ohio-2361, citingState v. Green (1984), 18 Ohio App.3d 69, 72, 18 OBR 234,480 N.E.2d 1128. The determination of whether someone was likely to be present is made based on consideration of all of the circumstances, and whether those circumstances would justify a logical expectation that someone could be present. Id. "The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely." State v. Brown (Apr. 28, 2000), Hamilton App. No. C-980907, 2000 Ohio App. LEXIS 1820.
 {¶ 22} Ohio courts have addressed a number of cases addressing the type of evidence that the state can offer to establish the likely to be present element. See, e.g., State v. Kilby (1977), 50 Ohio St.2d 21,4 O.O.3d 80, 361 N.E.2d 1336 (likely to be present element satisfied where home's occupants were across the street at a neighbor's house);State v. Weber (Dec. 23, 1997), Franklin App. No. 97APA03-322, 1997 Ohio App. LEXIS 6019 (likely to be present element satisfied where home owners were away on vacation, but others had permission to be in the house and neighbor was watching property while owners were absent);State v. Beverly, Clark App. No. 2005 CA 85, 2007-Ohio-1028 *Page 9 
(likely to be present element satisfied where occupants were away from house for about one and a half hours during the evening); State v.Young, Cuyahoga App. No. 87613, 2006-Ohio-5723 (likely to be present element satisfied where evidence showed that occupants did not work on weekends, and burglary occurred on a Sunday); State v. Baker, Butler App. No. CA2003-01-016, 2003-Ohio-5986 (likely to be present element satisfied where occupant was a retiree with no fixed schedule);State v. Palmer, Cuyahoga App. No. 89957, 2008-Ohio-2937 (likely to be present element satisfied where evidence established burglary occurred close to the time occupants would have left for work).
 {¶ 23} However, where the occupants of a house are absent as part of their regular workday, they are not likely to be present during the day.State v. Frock, Clark App. No. 2004 CA 76, 2006-Ohio-1254. See, also,State v. Brown (Apr. 28, 2000), Hamilton App. No. C-980907, 2000 Ohio App. LEXIS 1820 (likely to be present element not satisfied where burglary occurred during the occupant's workday, and no evidence was offered that the occupant ever came home during his workday); State v.Lockhart (1996), 115 Ohio App.3d 370, 685 N.E.2d 564 (likely to be present element not satisfied where home's occupant testified that burglary occurred while she was at work, and that she did not return to her house at varying times).
 {¶ 24} The only testimony on the issue of whether anyone was likely to be present at the Hayden home came from Loretta Hayden. She testified that when the burglary occurred, she was at work at her job at Berwick Alternative Elementary School, and never testified as to whether it was ever her practice to come home from the school during the day, nor did she testify regarding the time she normally left for work. Hayden testified that *Page 10 
her husband and two children also occupied the house, but no testimony was ever elicited as to what their daily schedules were and what the likelihood that they may have been home at the time of the burglary was. Appellee argues that testimony was elicited that Hayden's mother lived just down the street, thus creating the inference that Hayden's mother could have been present at the time of the burglary. However, no testimony was elicited that Hayden's mother had a key to the house or otherwise had permission to enter the home, or made it a practice to check on the home while the Haydens were away. Thus, we cannot conclude that this evidence showed that anyone was likely to be present at the time of the burglary.
 {¶ 25} Appellee argues that this case is substantially similar to the fact pattern in State v. Green (June 24, 1976), Cuyahoga App. No. 35038, 1976 Ohio App. LEXIS 8467. In that case, the Eighth District Court of Appeals considered a case in which the defendant and an accomplice broke into the home of two brothers. The defendant argued that the likely to be present element was not satisfied because his accomplice had stayed with the brothers some time prior to the two breaking into the home, and knew that they would not be home due to their work schedules. The court rejected the defendant's argument because in the intervening time, "[o]ne of the brothers could have been sick and stayed home from work that day; or one of the brothers could have lost his job after [the accomplice] was at the house; or the brothers could have allowed someone to stay at their house as they had allowed [the accomplice] to stay a month earlier." Id. at *5.
 {¶ 26} Appellee argues that we should apply the rationale employed by the Green court and find that a jury could have made the inference that someone was likely to be present in the Hayden home because of the possibility that Hayden's husband or one of *Page 11 
her children may have stayed home sick, or not have gone to work or school yet at the time of the burglary. However, the requested inference does not rise above the level of a mere possibility that someone may have been present. See Miller, supra. Given that Green was decided prior to the Supreme Court of Ohio's decisions setting forth the proper analysis for the likely to be present element in Kilby, supra,Wilson, supra, and Fowler, supra, we decline to apply its rationale to this case. Moreover, we believe that application of the rationale fromGreen would effectively read the "likely to be present" element out of the statute, and courts may not add or delete words in construing a statute. State ex rel. Charvat v. Frye, 114 Ohio St.3d 76,2007-Ohio-2882, 868 N.E.2d 270.
 {¶ 27} Thus, in accordance with Fowler and the cases following it, the absence of evidence that one of the Haydens or any other person was likely to be present at the time of the burglary, appellee did not carry its burden of proving all of the elements necessary to support a conviction for burglary in violation of R.C. 2911.12(A)(2). Therefore, appellant's second assignment of error is sustained as to the argument that appellant's conviction was not supported by sufficient evidence.
 {¶ 28} However, our conclusion that appellant's conviction for violating R.C. 2911.12(A)(2) was not supported by sufficient evidence does not end our inquiry. R.C. 2911.12(A)(3) is a lesser-included offense of R.C. 2911.12(A)(2). See Miller, supra. When the evidence shows that a defendant was not guilty of the crime for which he was convicted, but was guilty of a lesser degree of that crime or a lesser-included offense of that crime, we can modify the verdict accordingly, and remand the case for resentencing. Crim. R. 33(A)(4). SeeState v. Brown, Franklin App. No. 05AP-601, 2006-Ohio-2307;Miller, supra; In re Meatchem, Hamilton App. No. C-050291,2006-Ohio-4128. Although *Page 12 
the evidence offered at trial was insufficient to support appellant's conviction for burglary in violation of R.C. 2911.12(A)(2), the evidence was sufficient to convict appellant of burglary in violation of R.C. 2911.12(A)(3).
 {¶ 29} We note that appellant's argument regarding manifest weight of the evidence also focuses solely on the likely to be present element, and does not take issue with the jury's finding regarding the other elements of burglary. Consequently, we need not address the issue of whether appellant's conviction was against the manifest weight of the evidence regarding the elements of burglary under R.C. 2911.12(A)(3), and the second assignment of error is overruled as to the argument that appellant's conviction was against the manifest weight of the evidence.
 {¶ 30} Accordingly, we: (1) overrule appellant's first assignment of error, (2) sustain appellant's second assignment of error as to the sufficiency of the evidence and overrule the second assignment of error as to the manifest weight of the evidence, (3) vacate appellant's conviction of burglary in violation of R.C. 2911.12(A)(2), (4) enter a judgment of conviction for the offense of burglary in violation of R.C. 2911.12(A)(3), and (5) remand this matter to the trial court for resentencing.
Judgment affirmed in part, reversed in part; and cause remanded forresentencing.
PETREE and T. BRYANT, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant's brief incorrectly states that he was charged with and convicted of aggravated burglary instead of burglary.
[2] Although appellant's assignment of error states that appellant is challenging an in-court identification, it is clear that he is actually challenging Howard's out-of-court identification. *Page 1